## FISHER *vs.* BRADFORD.

The payee of a negotiable promissory note, having indorsed it in blank and delivered it in pledge to another, as collateral security for his own debt, has still the right to negotiate it to a third person; who may maintain an action upon it in his own name as indorsee, the lien of the pledgee being discharged before judgment.

*Assumpsit* by the indorsee against the maker of a promissory note, dated *December* 4, 1827, payable to *Henry Rice & Co.* or order, on demand, with interest after six months. The action was commenced *January* 10, 1829, and was tried before *Weston J. ;* the question being whether the note was legally transferred to the plaintiff, before the commencement of the action.

It appeared that on the 5th day of *March,* 1828, *Rice,* being alarmed for the safety of his debt, induced the plaintiff, for a premium of five per cent, to guaranty the payment of the amount in one year from that day, by a written stipulation on the back of the note. In *September* following *Rice* lodged the note in the *Globe* bank as collate-

ral security for monies loaned to himself, and it was put on the list for collection. About the first of *January* 1829, *Fisher* called on *Rice* and wished to take up the note, substituting his own ; but this *Rice* declined, because it was out of his possession. *Fisher* then asked *Rice* if he would consider the note as his, and look to him for it ; to which *Rice* assented ; agreeing to render the plaintiff every facility in his power, for the collection of the note, consistent with his own remedies, as they then existed, against both the maker and guarantor. And on the 7th day of *March* following, the note was withdrawn from the bank by *Rice*, and paid and taken up by the plaintiff, the former then writing the words, " without recourse to," over his own name, which had been placed on the back of the note when it was lodged in the bank.

Upon this evidence the defendant contended that *Rice* had no power to transfer the note while it was in the custody of the bank ; and that if he had, yet it had not been exercised in the present case till long after the action was commenced. The former of these points the Judge overruled; and the latter he left to the jury ; instructing them to find for the plaintiff, if they should be satisfied that *Rice*, having previously placed his name on the back of the note, authorised the plaintiff to commence this action. And they found for the plaintiff; the question of law being reserved for the consideration of the court.

*Allen*, for the defendant, argued that the bank alone had the right to sue for the contents of the note while it remained in its own possession as a pledge ; and that *Rice*, during that period, had only an equitable interest, which was not negotiable. *Knight v. Gorham*, 4 *Greenl.* 492.

*H. W. Fuller*, for the plaintiff, cited *Little v. O'Brien*, 9 *Mass.* 423 ; *Marr v. Plummer*, 3 *Greenl.* 73 ; *Bowman v. Wood*, 15 *Mass.* 534 ; *Wilson v. Codman*, 3 *Cranch*, 208 ; *Chitty on bills*, 175 ; 2 *Dal.* 396 ; *Lovell v. Everton*, 11 *Johns.* 53 ; *Ball v. Allen*, 15 *Mass.* 433.

WESTON J. delivered the opinion of the Court.

There is nothing in the law which forbids the holder of a negotia-

ble promissory note, after it has been indorsed, from suing it in the name of another, with his consent; provided it is unattended with any circumstances of fraud or oppression. Nor is it unlawful for another person to institute such suit in his own name, with the privity and consent of the party beneficially interested. Every facility is afforded to the circulation of negotiable paper, after indorsement. It may pass from hand to hand, either with or without consideration; or may be sued by one in trust for another. The party ultimately liable, is not thereby injured. By the terms of the contract, he is answerable to the payee or his order, and according to its legal effect, the order of any other holder. The jury have found that the note in question, after indorsement, was sued by the plaintiff, with the consent of the payee. It might not then have become his property; although he was deeply interested in its collection; having guarantied its amount, which he has since paid. He had then an authority coupled with an interest; but the former without the latter was sufficient for his purpose, he having produced the note at the trial.

But it is contended that the Globe bank, being possessed of the note when sued, as collateral security, could alone bring or authorize the suit. They had a special property, which, accompanied as it was by possession of the instrument, would have justified and enabled them to sue and recover thereon. But the general owner might sue, although liable to be defeated in his suit, if the bank, not being otherwise satisfied, thought proper to retain the note to their own use. And so might any other person, authorized to sue by the general owner, be subject to the same contingency. The arrangements between the bank and the payee, afford no defence to the maker. The pledge, having been given up, is, as to him, as if it had never existed. He is not liable to the bank; and when he has paid and satisfied the plaintiff, he is completely discharged and exonerated from the note; and no one, who is or ever was interested in it, can have any cause of complaint.

*Judgment on the verdict.*